UNITED STATES of America, Plaintiff,

v.

William J. EMANUEL, Defendant.

Cr. No. 88–119.

United States District Court,
S.D. Iowa.

April 17, 1990.

Lester A. Paff, Asst. U.S. Atty., Des Moines, Iowa, for plaintiff.

Patricia M. Hulting, Des Moines, Iowa, for defendant.

## RULING AND REDUCTION
## OF SENTENCE

VIETOR, Chief Judge.

Defendant William J. Emanuel pleaded guilty to possessing with intent to deliver LSD in violation of 21 U.S.C. § 841(a)(1), and pursuant to § 841(b)(1)(A)(v) I sentenced him to imprisonment for 151 months (the minimum of the applicable Sentencing Guideline range and 31 months above the statutory mandatory minimum sentence of 10 years). The sentence was affirmed. *United States v. Bishop*, 894 F.2d 981 (8th Cir.1990). The government, pursuant to Fed.R.Crim.P. 35(b),[1] has filed a timely motion to reduce sentence based on substantial assistance in which it prays that defen-

dant's sentence of incarceration be reduced "to not less than seventy-six months."

■ The government contends that it has the power to limit the extent of any sentence reduction, and therefore that I cannot reduce defendant's sentence to any term less than the 76 months stated in the prayer of its motion. I do not agree. The power to move for a sentence reduction rests with the government, but once the government files a motion for reduction of sentence the sole power to reduce the sentence and to determine the extent of any reduction rests with the court. *See* Federal Rule of Criminal Procedure 35(b) (governing reduction of a sentence previously imposed for substantial assistance); 18 U.S.C. § 3553(e) (governing initial imposition of a sentence below a level established by statute as a minimum sentence for substantial assistance); United States Sentencing Commission Guideline § 5K1.1 (authorizing a sentence below the guideline range for substantial assistance); *United States v. Wilson*, 896 F.2d 856, 859–60 (4th Cir. 1990); *United States v. Daiagi*, 892 F.2d 31, 32–33 (4th Cir.1989); *United States v. Musser*, 856 F.2d 1484, 1487 (11th Cir. 1988). The government cannot limit the court's discretion as to how much, if at all, to reduce the sentence.

■ I believe, however, that the court should accord considerable weight to the government's view of how much to reduce the sentence. Rule 35(b) provides that any sentence reduction is "to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code." Thus, any reduction and the amount thereof should reflect only the defendant's substantial assistance and

---

1. Fed.R.Crim.P. 35(b) provides:

   **Correction of Sentence for Changed Circumstances.** The court, on motion of the Government, may within one year after the imposition of a sentence, lower a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an of-

   fense, in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code. The court's authority to lower a sentence under this subdivision includes the authority to lower such sentence to a level below that established by statute as a minimum sentence.

should not reflect the judge's notion of what an appropriate sentence would have been if his sentencing discretion had not been constrained by a statutory minimum or a guideline range when he originally imposed the sentence. In determining the amount of a reduction, the court must consider the factors enumerated in Sentencing Guideline § 5K1.1.[2]

The government is in a unique position to evaluate the significance and usefulness of the defendant's assistance, and is therefore well qualified to suggest how much of a reduction would appropriately reflect that assistance. Indeed, subparagraph (a)(1) of Guideline § 5K1.1 states that the court, in evaluating the significance and usefulness of the defendant's assistance, should take into consideration the government's evaluation of the assistance rendered.

■ In this case, the government recommends a very substantial sentence reduction, and I share the government's view that a reduction of sentence to 76 months fairly reflects the substantial assistance provided by the defendant. Accordingly, I will reduce defendant's sentence to 76 months.

The government's motion to reduce sentence based on substantial assistance is granted, and defendant William J. Emanuel's sentence of imprisonment is hereby reduced from 151 months to 76 months.

---

2. United States Sentencing Commission Guideline § 5K1.1 provides:

**Substantial Assistance to Authorities (Policy Statement)**

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

(a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:

(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3) the nature and extent of the defendant's assistance;

(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5) the timeliness of the defendant's assistance.