**UNITED STATES of America**

v.

**James Nathaniel HAMRICK, Jr.**

**No. SH–CR–88–116–01.**

United States District Court,
W.D. North Carolina,
Shelby Division.

July 16, 1990.

Thomas J. Ashcraft, Charlotte, N.C., for U.S.

Charles A. Horn, Shelby, N.C., John A. O'Leary, Columbia, S.C., William O. Richardson, Fayetteville, N.C., for defendant.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on the Government's motion, filed on June 20, 1990, to reduce Defendant's sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. The Government has requested a hearing be conducted by the Court to consider arguments by the parties in support of the motion. The Government has also filed a petition for a writ of habeas corpus ad prosequendum directing Defendant be brought before this Court for the aforementioned hearing.

The record in this case indicates Defendant was indicted along with his wife (Mrs. Noreen Lehne Hamrick) and his company (Sporting Goods Export Company) on October 3, 1988 for mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343. The bill of indictment indicates all of the offenses occurred after November 1, 1987. On November 18, 1988, Mrs. Hamrick entered into a plea agreement whereby she agreed to place $100,000.00 in a trust account to refund those customers who had been defrauded. The Government agreed to dismiss the charges against Mrs. Hamrick once restitution had been made.

On January 17, 1989, Defendant entered into a plea agreement. Defendant agreed to plead guilty to one count of mail fraud, and the Government agreed to dismiss all

remaining counts. Paragraph 5 of that agreement provided:

> In light of the Defendant's agreement **to make full restitution to *all* aggrieved customers,** to terminate the subject business, and not to engage in any mail order business for a period of five (5) years, the United States agrees to recommend a probationary sentence at the time of sentencing. (emphasis added) (hereinafter "Plea Agreement").

A Plea and Rule 11 inquiry was conducted by the Court on January 30, 1989, at which time the Court accepted Defendant's guilty plea. Sentencing was deferred until the April 1989 Charlotte Criminal Term.

On May 1, 1989, Defendant filed a motion to withdraw his guilty plea. The Court conducted a hearing on May 25, 1989 to consider arguments. Thereafter, the Court denied Defendant's motion and scheduled sentencing for the August 1989 Charlotte Criminal Term.

The sentencing hearing was conducted on July 27, 1989. The Government did not recommend a probationary sentence as originally agreed to because Defendant had failed to make all the required restitution payments. The Court imposed an eighteen (18) month term of imprisonment which was the mid-point of the applicable sentencing guideline range. Additionally, the Court ordered a term of supervised release of three (3) years, a $50.00 special assessment, and restitution payments in the amount of $30,000.00.

On August 7, 1989, Defendant filed a notice of appeal to the Fourth Circuit Court of Appeals. The Court denied Defendant's motion, filed on September 8, 1989, for release on bail pending appeal on September 14, 1989. On May 10, 1990, the Government filed a motion for reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. This Court denied the motion without prejudice on May 22, 1990 for lack of jurisdiction because the appeal was pending before the Fourth Circuit. On June 11, 1990, the Fourth Circuit affirmed the judgment of this Court. Thereafter, the Government refiled the Rule 35(b) motion presently before the Court.

In support of its motion, the Government contends that Defendant has provided substantial assistance to the Government in the investigation and potential prosecution of employees of his former business. The Government states that those employees include his wife and his former receptionist. The extent of that cooperation is a statement indicating that twenty-four (24) additional claimants were defrauded.[1] Because these claimants were not listed in the bill of indictment, the Government contends that each claim constitutes one or more prosecutable federal offenses. Therefore, Defendant has exposed his wife and his former receptionist, as well as himself, to further prosecution. Accordingly, the Government argues that this Court has jurisdiction to consider the motion and to reduce Defendant's sentence to time served—approximately nine of the eighteen months imposed by the Court.

■ There are currently two Rule 35's in effect. The former Rule 35 applies to offenses that occurred prior to November 1, 1987, while the amended Rule 35 is applicable to those offenses that occurred after November 1, 1987. In this case, the offense which Defendant pleaded guilty to occurred after November 1, 1987. Hence, the amended Rule is applicable.

The amended Rule 35(b) provides in pertinent part:

> (b) **Correction of Sentence for Changed Circumstances.** The court, on motion of

---

**1.** Defendant has agreed to place an additional $30,000.00 in trust to compensate any additional claimants. The agreement entered into by Defendant and the Government requires Defendant to make this restitution after the Government filed the Rule 35(b) motion regardless of whether or not the Court grants the relief sought. Defendant has already made restitution payments of $29,971.59, just $28.41 short of the $30,000.00 in restitution ordered by the Court when sentence was imposed. Through Defendant, Mrs. Hamrick, and others, over $200,-000.00 in restitution has been paid since Defendant was indicted. As of May 2, 1990, there remains approximately $15,538.27 in outstanding claims. *See The Government's Motion to Reduce Sentence,* filed May 10, 1990, at 1–2 of the attached agreement.

the government, may within one year after the imposition of a sentence, lower a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense ...

The Court believes that prior to considering the motion on the merits, the Government must meet the following jurisdictional test in order to reduce a person's sentence pursuant to the amended Rule 35(b):

(1) The motion must be made by the Government;

(2) The motion must be brought within one year after the imposition of the defendant's sentence;

(3) The defendant must have provided *substantial assistance* to the Government;

(4) The assistance must be related to the investigation or prosecution of *another person*; and

(5) The assistance must be *subsequent* to the date of the defendant's sentencing.

Only after the Government has met these five conditions does the Court have jurisdiction to consider the motion. *See United States v. Francois*, 889 F.2d 1341, 1345 (4th Cir.1989) (holding that it is jurisdictional requirement that Government file amended Rule 35(b) motion); *United States v. Emanuel*, 734 F.Supp. 877, 878 (S.D. Iowa 1990); *United States v. Hallam*, 723 F.Supp. 66, 71–72 (N.D.Ind.1989).

■ In this case, the Court does not believe that Defendant has provided substantial assistance to the Government; that the assistance is related to the investiga-tion or prosecution of another person; or that the assistance is subsequent to the date of the Defendant's sentencing.[2] The Court will address the jurisdictional requirements below.

■ The Court does not believe Defendant's assistance has been substantial as it relates to the investigation of other persons. Defendant has merely acknowledged that certain individuals were defrauded by his activities. The Government has not demonstrated that Defendant himself provided that information. Nor has the Government demonstrated that the information provided by Defendant is substantial in that it is valuable in the investigation of other persons. While the assistance may be of some value in obtaining funds to compensate victims, the Rule requires that the assistance be related to the investigation of other persons. Because the Government has not shown that the assistance provided by Defendant might reasonably lead to the prosecution of other persons, it cannot be said that the Government has met this jurisdictional requirement of the Rule.

■ Just as the assistance is not substantial, neither is the assistance related to the investigation of other persons. The Government argues that Defendant's acknowledgment that the individuals were defrauded implicates his wife, his former receptionist, and himself. As to any criminal exposure of Defendant, the Rule requires that the assistance be for the prosecution or investigation of *other persons*. Thus, it is irrelevant for purposes of the Rule that the assistance provided by Defendant exposed himself to further prosecution. As

---

**2.** The Court is unaware of legislative history or case law that directly addresses what Congress intended by the phrase "subsequent, substantial assistance in the investigation or prosecution of another person". However, a similar provision is found in § 5K1.1 of the Federal Sentencing Guidelines. That provision provides:

Upon motion of the government stating that the defendant has provided *substantial assistance in the investigation or prosecution of another person* who has committed an offense, the court may depart from the guidelines.

While Rule 35(b) addresses a person's assistance from sentencing until one year after sentencing,

§ 5K1.1 addresses a person's assistance from the point of arrest until sentencing. *See United States v. Howard*, 902 F.2d 894, 896 (11th Cir. 1990).

A district court is not required to grant a motion for downward departure pursuant to § 5K1.1, even if the motion is made by the Government. *See United States v. Castellanos*, 904 F.2d 1490 (11th Cir.1990); *United States v. Fiterman*, 732 F.Supp. 878, 883 (N.D.Ill.1989). Likewise, the Court believes it retains the discretion in this case to deny the Government's motion if the Government has failed to meet the jurisdictional requirements of the rule.

to Defendant's wife and his former receptionist, the Government has not demonstrated any inclination to prosecute either woman. The receptionist was not named in the original bill of indictment, and the Government dismissed the counts against Mrs. Hamrick even after she and Defendant breached the terms of their plea agreements. Therefore, the Court believes that the assistance provided by Defendant was not related to the investigation of other persons, but was instead related to compensating victims.

■ Finally, the Court does not believe that Defendant's assistance was subsequent to sentencing. Paragraph 5 of the Defendant's plea agreement indicates Defendant was obligated to "make full restitution to all aggrieved parties". *See Plea Agreement* at 2. Thus, Defendant's willingness to acknowledge that he defrauded those individuals and to provide restitution is merely consistent with the obligation Defendant has already assumed. Accordingly, it is incorrect to characterize that assistance as arising subsequent to the imposition of Defendant's sentence.

Based on its analysis, the Court concludes that it lacks jurisdiction to consider the Government's motion. The Court believes that any assistance given by Defendant, if it can be fairly characterized as assistance, was related to the compensation of victims. While such assistance is commendable, Rule 35(b) does not authorize the Court to reduce Defendant's sentence based on his willingness to make restitution payments.

■ Even if the Court had jurisdiction to consider the motion, the Court would not reduce Defendant's sentence. While the power to move for a sentence reduction rests with the Government, the sole power to reduce the sentence and the extent of the reduction, if any, rests with the Court. *Emanuel*, 734 F.Supp. at 878. The Court is not required to reduce the sentence because there is no "constitutional right to the availability of a substantial assistance provision to reduce a criminal sentence". *Francois*, 889 F.2d at 1345.

Frankly, the Court is astounded that the Government chose to file this motion. At the sentencing hearing of this matter, the Government indicated that Defendant "[w]as not honest or forthcoming with what information he was providing to the Government about what he had done or not done." *Transcript of Sentencing Hearing*, July 27, 1989, at 16 (hereinafter "Trans."). Moreover, the Government represented to the Court that the criminal culpability of Defendant was serious. The Government was not satisfied with the guideline range of 15 to 21 months, but instead urged the Court to depart upward. Trans. at 40–41. The Government stated that "literally thousands of hours of time, trouble, and inconvenience [was] caused to numbers of agencies, not to mention the victims in this case." *Id.*

While the Court does not understand the Government's radical change of heart in regard to Defendant, the Court believes that the Government's initial representation to the Court of the seriousness of Defendant's offense was accurate. Defendant's actions caused numerous individuals to suffer thousands of dollars of loss. The Court simply does not believe it is appropriate to reduce Defendant's sentence based solely on his willingness to make whole those persons that he defrauded. Therefore, the Court would deny the motion even if the Court had jurisdiction to consider the motion.

The Court does not believe a hearing is necessary in this case. Accordingly, the Government's motion for a hearing and the petition for a writ of habeas corpus ad prosequendum is denied.

NOW, THEREFORE, IT IS ORDERED that the Government's motion for a reduction of sentence be, and hereby is, DENIED.

IT IS FURTHER ORDERED that the Government's motion for a hearing and a petition for a writ of habeas corpus ad prosequendum is DENIED.

The Clerk is directed to certify copies of this Order to Defendant, defense counsel, and the United States Attorney.