**Ferlin GOFF, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 92–1301.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 11, 1992.

Decided May 26, 1992.

Appellant appeared pro se in this appeal.

Terry L. Derden, Little Rock, Ark. (Charles A. Banks and Terry L. Derden, on the brief), for appellee.

Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.

PER CURIAM.

Ferlin Goff appeals from an order of the district court[1] denying a motion filed by the government under Federal Rule of Criminal Procedure 35(b) to reduce Goff's sentence. We affirm.

Goff previously pleaded guilty to a drug charge and a firearm charge. The court calculated a Guideline sentencing range on the drug offense of 70 to 87 months; the firearm offense carried a mandatory consecutive five-year sentence. *See* 18 U.S.C. § 924(c)(1). At sentencing in March 1991, the government moved for a downward departure based on Goff's substantial assistance, which the district court granted, sentencing Goff to fifty-seven months imprisonment on the drug offense and four years imprisonment on the firearm offense. Goff did not appeal his sentence. In January 1992, the government moved for a further reduction of Goff's sentence under Rule 35(b), because after sentencing, Goff had appeared before the grand jury to testify in another investigation. The government also reminded the court of a detailed statement Goff had given which was useful. The district court denied the government's motion, stating that when it granted the downward departure in March 1991, it anticipated Goff would continue to cooperate and had rewarded him accordingly.

Rule 35(b) states in part:

> The court, on motion of the Government made within one year after the imposition of the sentence, *may* reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense....

Fed.R.Crim.P. 35(b) (emphasis added). It lies within the discretion of the district court to decide whether it will grant or deny such a motion. *See, e.g., United States v. Richardson*, 939 F.2d 135, 140 (4th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 599, 116 L.Ed.2d 623 (1991), — U.S. —, 112 S.Ct. 942, 117 L.Ed.2d 112 (1992); *United States v. Emanuel*, 734 F.Supp. 877, 878 (S.D.Iowa). We have reviewed the record and find no abuse of discretion here.

Goff also argues the district court and the government breached the plea agreement at sentencing. Those matters are not properly before us.

Accordingly, we affirm.

---

**1.** The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the East-
ern District of Arkansas.