# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 99-1414

————————

United States of America,                     *
                                              *
                    Appellee,                 *     Appeal from the United States
                                              *     District Court for the Northern
       v.                                     *     District of Iowa.
                                              *
Terry Swant,                                  *          [UNPUBLISHED]
                                              *
                    Appellant.                *

————————

Submitted: August 18, 1999
Filed: August 27, 1999

————————

Before HANSEN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

————————

PER CURIAM.

After Terry Swant pleaded guilty to conspiring to distribute methamphetamine and possess methamphetamine with intent to distribute, the district court sentenced Swant to imprisonment and supervised release with a no-alcohol condition. We affirmed Swant's sentence on appeal. See United States v. Swant, 141 F.3d 1171 (8th Cir. 1998) (unpublished table decision). After the government moved to reduce Swant's sentence for postsentencing substantial assistance, the district court resentenced Swant to a reduced term of imprisonment but imposed the same term of supervised release with the same no-alcohol condition. On appeal, Swant contends the district court failed to rule on Swant's motion for a downward departure based on his

postsentencing rehabilitative efforts. Swant also contends the district court failed to consider whether to reduce Swant's supervised release term when it reduced his prison term and abused its discretion in reimposing the supervised release condition pertaining to alcohol use.

We reject Swant's contentions. First, the district court's failure to rule on Swant's downward departure motion had no impact on his sentence. See United States v. Sims, 174 F.3d 911, 912-13 (8th Cir. 1999) (postsentencing rehabilitative conduct cannot be basis for downward departure at resentencing). Second, because Swant failed to raise his arguments concerning the term or conditions of supervised release in the district court, we review for plain error, and we find none. See United States v. Bongiorno, 139 F.3d 640, 640 (8th Cir.) (per curiam) (plain-error standard of review), cert. denied, 119 S. Ct. 155 (1998); United States v. Bass, 121 F.3d 1218, 1223 (8th Cir. 1997) (district court has wide discretion to formulate conditions of supervised release); Goff v. United States, 965 F.2d 604, 605 (8th Cir. 1992) (per curiam) (decision to grant or deny substantial assistance reduction is entirely within district court's discretion).

We thus affirm Swant's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-