# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3564

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Timothy Cutkomp, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 5, 2000
Filed: May 18, 2000

_____

Before LOKEN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Timothy Cutkomp pleaded guilty to conspiring to distribute methamphetamine, in violation of 21 U.S.C. § 846. At sentencing, the district court[1] granted the government's substantial-assistance downward-departure motion, departed from the 168-to-210-month Guidelines imprisonment range, and sentenced Cutkomp to 54 months imprisonment and 5 years supervised release. Cutkomp subsequently cooperated with the government by participating at his co-defendant's sentencing

_____

[1]The Honorable Mark W. Bennett, United States District Judge, now Chief Judge, for the Northern District of Iowa.

hearing, and the government moved under Federal Rule of Criminal Procedure 35(b) to further reduce Cutkomp's sentence to reflect his post-sentencing substantial assistance. Although the court found that Cutkomp had provided such assistance, it denied the motion, concluding--based on information about his involvement in the crime presented at his co-defendant's sentencing--that it had granted too large a departure at Cutkomp's sentencing. Cutkomp appeals the denial, arguing that the court abused its discretion by denying the motion for the reason it stated.

The denial of a Rule 35(b) motion "is entirely within the discretion of the district court," and we will not disturb it "[a]bsent an abuse of that discretion." See United States v. Griffin, 17 F.3d 269, 270 (8th Cir. 1994). The court did not abuse its discretion by considering the extent of the departure it had previously granted Cutkomp at sentencing. See Goff v. United States, 965 F.2d 604, 605 (8th Cir. 1992) (per curiam). Nor did the court abuse its discretion by considering factors other than Cutkomp's substantial assistance, i.e., the extent of his involvement in the criminal conduct and the leniency of his original sentence. See United States v. Neary, 183 F.3d 1196, 1198 (10th Cir. 1999) (when evaluating Rule 35(b) motion, district court may consider factors other than defendant's substantial assistance, including defendant's role in offense); United States v. Manella, 86 F.3d 201, 202, 204-05 (11th Cir. 1996) (when evaluating Rule 35(b) motion, district court may consider factors other than defendant's substantial assistance, including nature of offense and leniency of original sentence imposed); cf. United States v. Anzalone, 148 F.3d 940, 942 (district court may consider factors other than defendant's substantial assistance in evaluating U.S.S.G. § 5K1.1 motion), vacated and reh'g en banc granted, 148 F.3d 940, reinstated and reh'g en banc denied, 161 F.3d 1125 (8th Cir. 1998).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.