**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Levelt FRANCOIS,**
**Defendant–Appellant (Two Cases).**

Nos. 88–5110, 89–7675.

United States Court of Appeals,
Fourth Circuit.

Argued Sept. 15, 1989.

Decided Nov. 22, 1989.

J. Herbie DiFonzo (Margolius, Mallios, Davis, Rider and Tomar, on brief), for defendant-appellant.

Robert C. Chestnut, Asst. U.S. Atty. (Henry E. Hudson, U.S. Atty., on brief), for plaintiff-appellee.

Before MURNAGHAN, SPROUSE, and CHAPMAN, Circuit Judges.

CHAPMAN, Circuit Judge:

In No. 88–5110, Levelt Francois has appealed the sentence imposed upon him after his conviction of possession with intent to distribute 750 grams of crack (Count 1) and possession with intent to distribute approximately 100 grams of a mixture and substance containing cocaine (Count 2). In 88–5110, he claims (1) that the Federal Sentencing Guidelines violate the due process clause of the Constitution, (2) that his sentence of incarceration without the possibility of parole for 15 years, 8 months constitutes cruel and unusual punishment when applied to a first-time offender for a narcotics possessory offense, (3) that the district court erred in holding that it had no authority to compel the government to move for an adjustment under § 5K1.1 of the Sentencing Guidelines, and (4) that the district court erred in refusing to grant him an adjustment under § 5K2.0 in view of his good faith effort to provide substantial assistance to the government.

In No. 89–7675, he challenges the constitutionality of new Federal Rule of Criminal Procedure 35(b) on due process grounds because it places total and unreviewable discretion in the prosecutor as to whether the district court may consider a defendant's subsequent cooperation and assistance to the government on a motion to reduce his sentence.

We find no merit in either appeal, and we affirm.

I.

On February 19, 1988, appellant was stopped as he deplaned at the Washington National Airport from a flight originating in West Palm Beach, Florida. He consented to a search of his garment bag and this search produced 750 grams of crack and approximately 100 grams of powder cocaine. He was arrested and a search incident to his arrest uncovered $500 in cash on his person. He went to trial and denied any knowledge of the possession of these drugs, but the jury found him guilty on each count.

Following his conviction appellant agreed to speak with and cooperate with federal law enforcement officials, but in these meetings he never admitted that he was involved in the offenses for which he was convicted. While maintaining his innocence, he claimed that he had information regarding drug dealers in Florida. Some information was provided to law enforcement agents, but this information proved to be unreliable. As a result, the government determined that appellant's post-trial assistance was not substantial and that his continued claims of innocence were unbelievable. The government refused to move for a departure from the guidelines under § 5K1.1.

The Sentencing Guideline range was determined to be level 36: 188–235 months. He received a sentence of the minimum provided by the guidelines for his offense level. At sentencing, he argued that his assistance required the government to move for a downward adjustment under § 5K1.1, but the court rejected this motion and found that the government could not be compelled to move for a downward departure and that there was no basis for such a downward departure on the present facts.

## II.

There is no merit to the claim that the Sentencing Guidelines deny due process. Appellant relies upon *United States v. Bolding,* 683 F.Supp. 1003 (D.Md. *En Banc* 1988), but *Bolding* was appealed, and our court reversed the district court and found that the sentencing guidelines did not violate the Constitution. *See United States v. Bolding,* 876 F.2d 21 (4th Cir.1989), and *Mistretta v. United States,* — U.S. —, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).

## III.

Appellant contends that his 188–month sentence is grossly disproportionate to the crime he committed and should be set aside as violative of the Eighth Amendment's protection from cruel and unusual punishment. The sentence was 188 months on Count 1 and 24 months on Count 2 to be served concurrently.

■ The offense level of 36 under the Sentencing Guidelines is not in dispute, and the defendant with a Criminal History Category of 0 or 1 resulted in a guideline sentencing range of 188 to 235 months. The appellant's convictions were under 21 U.S.C. § 841(a)(1), which provides a term of imprisonment of not less than ten years or more than life. Appellant's sentence is the minimum provided by the Guidelines; it is within the range provided by statute and is not disproportionate to the crimes of which Francois stands convicted. Appellant argues that proportionality is required by *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), but we have repeatedly found that *Solem* does not require proportionality review of sentences that are less than life without parole. *United States v. Guglielmi,* 819 F.2d 451, 457 (4th Cir.1987), *cert denied,* 484 U.S. 1019, 108 S.Ct. 731, 98 L.Ed.2d 679 (1988); *United States v. Whitehead,* 849 F.2d 849, 860 (4th Cir.1988). We faced the proportionality argument in *United States v. Elliott,* 849 F.2d 886, 890 (4th Cir.1988), and found that under the *Solem* proportionality test a 30–year term of imprisonment for a narcotics trafficker did not violate the Eighth Amendment. There is no merit to the appellant's Eighth Amendment claim on the present facts and under the present sentences.

## IV.

Francois claims entitlement to a downward departure from the Guidelines because of his alleged good faith attempt to assist the government. The Guidelines provide for a departure from the Guidelines for substantial assistance to authorities. This is contained in § 5K1.1 which provides:

Substantial Assistance to Authorities (Policy Statement)

Upon motion of the government stating that the defendant has made a good faith effort to provide substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

(a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following conduct;

(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3) the nature and extent of the defendant's assistance;

(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5) the timeliness of the defendant's assistance.

The language of this section is clear and unequivocal that consideration of such a departure must begin with a motion of the government. There may be no consideration by the court of the defendant's assistance until the necessary motion has been made by the government. When the motion is made by the government, the district judge must determine whether a downward

departure is warranted, and the section sets forth various circumstances that may be considered by the court in ruling upon such a motion.

In the present case the sentencing judge found that he could not compel the government to file a motion under § 5K1.1. The court also found that there was no abuse of the prosecutor's discretion in failing to make such a motion on the present facts.

Francois set forth, in a submission to the district court entitled "Position of the Defendant With Respect to Sentencing Factors," six circumstances that the district court should consider in making a downward departure from the Sentencing Guidelines. At the sentencing hearing the government did not dispute the circumstances set forth by appellant, but the Assistant United States Attorney stated that appellant's cooperation was insufficient to justify a motion by the government for a downward adjustment under § 5K1.1, and the district judge denied the appellant a downward adjustment.

■ Appellant makes several suggestions as to how the language of § 5K1.1 should be read, but he cannot get around the actual language of this section. He cannot escape the clear import of the requirement that the government must initiate any departure from the Guidelines by filing a motion with the court. We agree with the language of *United States v. Musser*, 856 F.2d 1484 (11th Cir.1988), when it was faced with the similar provisions of 18 U.S.C. § 3553(e), which provide that the district court may consider a sentence below the level established by statute upon motion of the government reflecting the defendant's substantial assistance. The court observed:

> Appellants also argue that the "substantial assistance" provision is unconstitutional because it delegates to prosecutors unbridled discretion to decide who is entitled to a sentence reduction. Initially, we observed that the only authority "delegated" by the rule is the authority to *move* the district court for a reduction of sentence in cases in which the defendant has rendered substantial assistance. The

authority to actually reduce the sentence remains vested in the district court, a delegation which Musser does not challenge. Moreover, although the term "substantial assistance" is not defined in the statute, the discretion of prosecutors is limited by considering the "substantial assistance" provision within the overall context of the Anti–Drug Abuse Act itself. *Cf. United States v. Gordon*, 580 F.2d 827 (5th Cir.1978), *cert. denied*, 439 U.S. 1051, 99 S.Ct. 731, 58 L.Ed.2d 711 (1978). Finally, appellants' argument ignores Congress' plenary authority in all areas in which it has substantive legislative jurisdiction as long as exercise of that authority does not offend some other *constitutional* provision. *Buckley v. Valeo*, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976). Appellants certainly have no constitutional right to the availability of the "substantial assistance" provision, and hence no grounds upon which to challenge Congress' manner of enacting it. Appellants' argument is without merit.

> Appellants finally argue that the Anti–Drug Abuse Act's amendment to Rule 35(b) violates the separation of powers doctrine. We have previously found this argument to be without merit in the context of the mandatory minimum sentences, *United States v. Holmes*, 838 F.2d 1175, 1178–79 (11th Cir.1988), and reiterate that conclusion here.

*Id.* at 1487.

The language of § 5K1.1 is quite similar to that used in 18 U.S.C. § 3553(e), and the above reasoning is persuasive.

We agree with the conclusions reached in *United States v. Severich*, 676 F.Supp. 1209 (S.D.Fla.1988), *aff'd*, 872 F.2d 434 (11th Cir.1989), and *United States v. Ayarza*, 874 F.2d 647 (9th Cir.1989), that it was rational for Congress to lodge discretion in the prosecutor to make the decision as to whether to file a motion seeking the reduction of a defendant's sentence on the ground of substantial assistance to the government, because the prosecutor is "the only individual who knows whether a defendant's cooperation has been helpful." 874 F.2d at 653.

The Sentencing Guidelines at § 5K1.1 have improved upon the language of 18 U.S.C. § 3553(e), because the Guidelines set forth examples of circumstances that should be considered in deciding whether a reduction is appropriate. However, both laws condition the district court's consideration of a defendant's substantial assistance claim upon a motion of the government.

Appellant makes an alternative argument that the court erred in not adjusting his sentence under § 5K2.0, which contains the general provisions and policy statement for departures from the Guidelines. We find no error by the district judge in refusing to make a downward adjustment under § 5K2.0. The court found there was no basis for a downward adjustment and this finding was not clearly erroneous.

### V.

On June 1, 1989, appellant moved the district court to reduce his sentence under Federal Rule of Criminal Procedure 35(a) and (b) because of his substantial good faith cooperation with and assistance to federal authorities. The district court found that it had no authority to reduce the sentence under Rule 35(b) "except on motion of the United States" and that 35(a) is not applicable. It is clear from the language of Federal Rule of Criminal Procedure 35(a) that such section is applicable only after a remand from the Court of Appeals, and appellant does not challenge this section in his appeal.[1]

■ Francois appeals the district court's denial of his claim for a reduction under Rule 35(b) and claims that the rule is un-

constitutional "because it delegates to prosecutors unbridled and unreviewable discretion to decide who is entitled to consideration for a sentence reduction and who is not." On November 1, 1987, the effective date of the Sentencing Guidelines, Rule 35 was changed so as to require a motion of the government to the sentencing court to initiate a correction of sentence for changed circumstances under Rule 35(b).[2]

The effect of Rule 35(b) is to extend for a period of one year the time during which the defendant's substantial assistance in the investigation or the prosecution of others may be considered. Again it is clear that the government must initiate the process before the sentencing court may consider a reduction. Section 5K1.1 is applicable at the time of sentencing and covers substantial assistance by the defendant after his arrest or conviction and prior to his sentence. Rule 35(b) provides for "*subsequent*, substantial assistance," which is assistance that has occurred within one year after the imposition of sentence.

As we have stated above, the requirement that the government file the motion does not deprive the defendant of any constitutional rights whether the failure to make the motion be under § 5K1.1 or under Rule 35(b), because there is no constitutional right to the availability of a substantial assistance provision to reduce a criminal sentence.

AFFIRMED.

---

1. Federal Rules of Criminal Procedure 35
   (a) Correction of Sentence on Remand. The court shall correct a sentence that is determined on appeal under 18 U.S.C. 3742 to have been imposed in violation of law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable, upon remand of the case to the court—
   (1) for imposition of a sentence in accord with the findings of the court of appeals; or
   (2) for further sentencing proceeding if, after such proceedings, the court determines that the original sentence was incorrect.
2. Federal Rules of Criminal Procedure 35

(b) Correction of Sentence for Changed Circumstances. The Court, on motion of the Government, may within one year after the imposition of a sentence, lower a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code. The court's authority to lower a sentence under this subdivision includes the authority to lower such sentence to a level below that established by statute as a minimum sentence.