900 F.2d 256
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Franklin Joey HOLMES, a/k/a One Feather, a/k/a Indian Joe,
Defendant-Appellant.
 No. 89-5127.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 29, 1989.
Decided: Feb. 1, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden II, Chief District Judge. (CR-89-3-2)
 Marye L. Wright, on brief, for appellant.
 Michael W. Carey, United States Attorney, Hunter P. Smith, Jr., Assistant United States Attorney, on brief, for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before K.K. HALL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Franklin Joey Holmes (a.k.a. "One Feather" and "Indian Joe") appeals from the sentence imposed after his conviction, on a guilty plea, to one count of racketeering, in violation of 18 U.S.C. Sec. 1962(c). Finding the sentence appropriate under the Federal Sentencing Guidelines, we affirm.
 
 
 2
 * Holmes was a member of the West Virginia chapter of the Pagan Motorcycle Club ("PMC") and served as its Sergeant at Arms. On January 10, 1989, he was named in nine counts of an 85-count indictment which alleged various drug distribution activities on the part of 29 members of the PMC. Besides the RICO count to which he pleaded guilty, he was also averred to have personally committed four of the predicate racketeering acts: conspiracy to distribute controlled substances, including cocaine and lysergic acid diethylamide ("LSD") in violation of 21 U.S.C. Secs. 841(a)(1), 846; and distribution of cocaine and two counts of possession of cocaine with the intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). Pursuant to a plea agreement, on February 17, 1989, Holmes pleaded guilty to racketeering in exchange for the dismissal of the remaining counts.
 
 
 3
 On May 1, 1989, a sentencing hearing was held. The district court found that the base offense level, based on the amount of drugs for which appellant was primarily responsible, was 26. The court then gave a three-level enhancement for Holmes' managerial/supervisory role in PMC and a two-level enhancement for obstruction of justice due to a threat Holmes made on a government informer's life. This gave Holmes a total offense level of 31, which, with his criminal history, calls for a sentence of 108-135 months. The district court, however, citing Holmes' change of attitude and substantial assistance, sua sponte made a downward departure and imposed a sentence of 84 months, to be followed by a three-year period of supervised release.[1] This appeal followed.[2]
 
 II
 
 4
 Appellant raises three challenges to the district court's calculation of his sentence. First, he contends that a transaction involving 1500 dosage units of LSD was not adequately proven, and, consequently, the LSD should not have been included in the calculation of the quantity of drugs for which he was primarily responsible. Second, he objects to the three-level enhancement for his role in the PMC. Third, he questions the two-level increase for obstruction of justice.
 
 
 5
 We take up these challenges in turn.
 
 III
 
 6
 Under Guideline Sec. 2E1.1(a)(2), the base offense level for racketeering is 19 or, if greater, the offense level of the underlying racketeering activity. In this case, the underlying racketeering activity, among other things, included a conspiracy to distribute cocaine and LSD. When calculating the sentence for a conspiracy to distribute more than one controlled substance, Application Note 6 to Guideline Sec. 2D1.1 requires that all drug types must be converted, through the drug equivalency tables, into corresponding amounts of heroin and then added to find the total amount of controlled substances for which a defendant is accountable under Guideline Sec. 1B1.3. Here, appellant concedes that he is responsible for 18 ounces, or 510.3 grams of cocaine. Under Sec. 2D1.1, this is equivalent to 102.06 grams of heroin. The 1500 dosage units of LSD are equivalent to 15 grams of heroin. The base offense level for 100-399 grams of heroin is 26. Thus, regardless of whether or not the LSD is included in the calculation, the base offense level is the same. Consequently, there is no need for us to reach appellant's arguments concerning the LSD because any error by the district court was harmless.
 
 IV
 
 7
 Appellant's second contention is that the district court erred in enhancing by three his offense level due to his role in PMC. Appellant admits that this determination is essentially one of fact that should be accepted unless we find it to be clearly erroneous. United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir.1989). We cannot make such a finding.
 
 
 8
 Guideline Sec. 3B1.1(b) states that a defendant's offense level should be increased by 3 levels if he was "a manager or supervisor ... and the criminal activity involved five or more participants or was otherwise extensive." Appellant easily fits this description. He was an officer in a large organization that he admitted by his guilty plea was operated through a pattern of racketeering activity. Further, he was instrumental in establishing a cocaine and LSD source through which the PMC could feed its distribution operation. On these facts, we have no difficulty in affirming the lower court's holding that appellant had a managerial or supervisory role in PMC's drug distribution activities.
 
 V
 
 9
 Finally, appellant argues that the two-level obstruction of justice enhancement was clearly in error. Appellant's argument is that at the time that he made the threat on the informer's life, he was intoxicated and, therefore, the threat was not willfully made and should not be taken seriously. Again, appellant concedes that we must affirm this enhancement unless the district court's finding is clearly erroneous. Daughtrey, 874 F.2d at 218. Again, we affirm.
 
 
 10
 Guideline Sec. 3C1.1 prescribes a two-level enhancement if a defendant willfully obstructs or attempts to obstruct the administration of justice during the investigation or prosecution of the crime for which he stands convicted. Application Note 1(d) to Sec. 3C1.1 states that threatening a government witness qualifies a defendant for this enhancement. Appellant concedes that he, in fact, made the threat, contesting only the threat's seriousness. The district court assessed the evidence surrounding the incident and found that the threat was serious enough to warrant an enhancement. This finding was not clearly in error.
 
 VI
 
 11
 For the reasons stated above, we affirm the judgment of the district court.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 Because the government does not appeal the district court's downward departure, we do not reach the correctness of this action. But see United States v. Francois, 889 F.2d 1341 (4th Cir.1989)
 
 
 [2]
 By motion of appellant, this appeal was submitted for consideration on the briefs