905 F.2d 1532
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maria Mercedes JARAMILLO, Defendant-Appellant.
 No. 89-5037.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 3, 1989.
Decided May 3, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden II, Chief District Judge. (CR-88-201-2)
 Walter Patrick Loughlin, New York City (Argued), for appellant; David S. Zapp, New York City, on brief.
 Hunter P. Smith, Jr., Assistant United States Attorney, Charleston, W.V., (argued), for Appellee; Michael W. Carey, United States Attorney, Charleston, W.V., on brief.
 S.D.W.Va.
 AFFIRMED.
 Before K.K. HALL and WILKINS, Circuit Judges, and HARRISON L. WINTER,[1] Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Maria Mercedes Jaramillo appeals from the sentence imposed on her under the Sentencing Guidelines. She pleaded guilty and was convicted of one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. Sec. 846. On February 1, 1989, she was sentenced to 78 months imprisonment. Finding no error, we affirm.
 
 
 2
 The two issues raised by Jaramillo are intertwined and have been conclusively determined in a recent opinion by this Court. First, she argues that the district court erred in failing to consider a downward departure under U.S.S.G. Sec. 5K1.1 despite the absence of a government motion. However, this Court has recently held that "[t]here may be no consideration by the court of the defendant's assistance until the necessary motion [under Sec. 5K1.1] has been made by the government." United States v. Francois, 889 F.2d 1341, 1343 (4th Cir.1989). In view of the government's decision to not move for a departure, the district court was without authority to depart below the guideline range on the basis of Jaramillo's assistance to the authorities.
 
 
 3
 Jaramillo's second contention is that she should have received the same or a lesser sentence than that received by a co-defendant who was subject to the same guideline range (78-97 months) and who the district judge indicated was the more culpable of the two. The co-defendant, however, received a departure from 78 to 63 months on the basis of a substantial assistance motion by the government. Jaramillo contends that the district court erred in refusing to allow her to demonstrate that she provided as much or more assistance to the authorities and, therefore, is entitled to be treated comparably. We disagree. The grant of her co-defendant's Sec. 5K1.1 motion is irrelevant. Neither a showing of the extent of one's assistance nor a comparison with other defendants will act to overcome the absence of the government's motion.[2]
 
 
 4
 The sentence is affirmed.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 Judge Winter participated in the hearing of this case by listening to the recorded oral arguments but died prior to the time the decision was filed. The decision is filed by a quorum of the panel. 28 U.S.C. Sec. 46(d)
 
 
 [2]
 Jaramillo also attempts to characterize her assistance to the authorities as a "mitigating factor" which justified downward departure under 18 U.S.C. Sec. 3553(b); accordingly, the arguments in the briefs center around the appealability of a district court's refusal to depart downward. Because we believe Francois provides a complete answer to her second argument, we do not reach the appealability issue