905 F.2d 1532
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arturo SOLA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jean SOLA, Defendant-Appellant.
 Nos. 89-5106, 89-5107.
 United States Court of Appeals, Fourth Circuit.
 Argued March 8, 1990.
Decided May 4, 1990.
 
 Appeals from the United States District Court for the Eastern District of North Carolina, at Wilmington. W. Earl Britt, Chief District Judge. (CR-88-31)
 William Francis Fairley, Southport, N.C. (argued), for appellants; William Robert Shell, Wilmington, N.C., on brief.
 Robert John Erickson, United States Department of Justice, Washington, D.C. (argued), for appellee; Margaret Person Currin, United States Attorney, John Douglas McCullough, Assistant United States Attorney, Raleigh, North Carolina, on brief.
 E.D.N.C.
 AFFIRMED.
 Before PHILLIPS, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 These appeals involve a husband and wife, Arturo Sola and Jean Sola, who claim that the United States Attorney should have made a motion for a downward adjustment under Sec. 5K1.1 of the Sentencing Guidelines as to both of them, and not just to Arturo Sola. They have attacked the actions of the United States Attorney, the district court, and this particular section of the Sentencing Guidelines on various theories, but we find none of them have merit, and we affirm.
 
 
 2
 Arturo Sola was a member of the crew of a United States Coast Guard cutter when a number of bags of cocaine were found floating in the waters off the shore of Florida. There were only four members of the crew and they retrieved 24 bags of cocaine. Each bag contained approximately one kilogram of the drug. The crew members decided to deliver 20 bags to higher authority and to each keep one bag for sale, distribution, or use. Jean Sola assisted her husband in arranging the sale of his bag.
 
 
 3
 After the actions of the crew were discovered, appellants and the other crew members were charged with conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. Secs. 841(a)(1) and 846. Appellants Arturo and Jean Sola were charged with interstate travel to facilitate the commission of a drug offense and use of a telephone to facilitate the commission of a drug offense. They eventually agreed to plead guilty to the conspiracy count. Mr. Sola was sentenced to 60 months imprisonment and Mrs. Sola was sentenced to 51 months imprisonment. The length of these sentences resulted from a motion by the United States Attorney pursuant to Sec. 5K1.1 asking the court to reduce the sentence of Arturo Sola because of the substantial assistance that he provided in the investigation and prosecution of the other defendants. The prosecutor did not move for a reduction with respect to Jean Sola. The primary reason for failing to move under Sec. 5K1.1 as to Mrs. Sola was the false information she had given as to the extent of the drug trafficking operations in the United States Coast Guard. She had indicated that there were other members of the Coast Guard, customs officers, and even the operator of a radar blimp involved in the scheme. This misinformation created significant difficulties for the investigators. It was eventually determined that the four members of the crew of the cutter were the only Coast Guard personnel involved.
 
 
 4
 Appellants contend that they were denied equal protection of the laws because of the failure of the prosecutor to make a motion as to each of them under Sec. 5K1.1, that the prosecutor overreached the sentencing judge's authority by failing to make the substantial assistance motion on behalf of Jean Sola, that the prosecutor failed to act in good faith as to both defendants in failing to make a substantial assistance motion as to each, and that defendants were deprived of due process of law at the sentencing hearing by the failure of the prosecutor to make the substantial assistance motion on behalf of Jean Sola.
 
 
 5
 This matter is controlled by our decision in United States v. Francois, 889 F.2d 1341, 1343-44 (1989), in which we held that there was no constitutional right to the availability of a substantial assistance motion, and the failure of the government to file a motion under Sec. 5K1.1 does not deprive a defendant of any constitutional right. The language of this section is clear and unequivocal that consideration of such a departure must begin with the motion of the government. Such a motion was made on behalf of Mr. Sola, but the prosecutor chose not to make the motion on behalf of Mrs. Sola. The district judge was correct in finding that he could not compel the government to file a motion as to Mrs. Sola.
 
 
 6
 AFFIRMED.