905 F.2d 1532
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Thomas Allen KELLY, Defendant-Appellee.
 No. 89-5200.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 9, 1990.
Decided May 11, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CR-88-126-R)
 Thomas Jack Bondurant, Jr., Assistant United States Attorney, Roanoke, Va., (Argued), for appellant; John P. Alderman, United States Attorney, Roanoke, Va., on brief.
 John Burford Ferguson, Roanoke, Va., for appellee.
 W.D.Va.
 VACATED AND REMANDED WITH INSTRUCTIONS.
 Before K.K. HALL, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 The United States appeals the sentence imposed on Thomas Allen Kelly, contending that the district court erred in granting a downward departure from the appropriate sentencing guidelines range. We vacate the sentence imposed and remand with instructions to impose a sentence consistent with this opinion.
 
 
 2
 Kelly pleaded guilty and was convicted of one count of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1) and one count of possession of an unregistered silencer in violation of 26 U.S.C. Sec. 5861(d). At the sentencing hearing, the court noted the appropriate guidelines range of 18 to 24 months, then departed downward from that range and sentenced Kelly to five years probation.
 
 
 3
 One of the reasons given by the district court for making a downward departure was the substantial assistance rendered by Kelly to authorities. The government argues that the court was without authority under Sec. 5K1.1 of the Sentencing Guidelines to make such a departure without a motion by the government. We agree. In United States v. Francois, 889 F.2d 1341 (4th Cir.1989), we held that "... consideration of such a departure [under Sec. 5K1.1] must begin with a motion of the government." Id. at 1343. In view of the government's decision not to move for a departure upon grounds of substantial assistance, the district court was without authority to depart from the guidelines range on the basis of Kelly's assistance.
 
 
 4
 Kelly argues even if the court's departure under Sec. 5K1.1 cannot be sustained, the court's decision to depart should be upheld under Sec. 5H1.4, which states in pertinent part:
 
 
 5
 Physical condition is not ordinarily relevant in determining whether a sentence should be outside the guidelines or where within the guidelines a sentence should fall. However, an extraordinary physical impairment may be a reason to impose a sentence other than imprisonment.
 
 
 6
 As further justification for the departure, the district court found that as a result of injuries suffered in a 1988 automobile accident, Kelly suffered from pain not amenable to surgical correction or medication, was receiving physical therapy for his injuries and had emotional difficulties. For these reasons, the court felt that incarceration was not appropriate. The government argues otherwise, and we agree.
 
 
 7
 Since the district court engaged in fact-finding in this case, we must be more deferential in our review, using a standard of review approximating the clearly erroneous one. United States v. Summers, 893 F.2d 63, 67 (4th Cir.1990). There is no evidence in the record to support a finding that Kelly suffered from an extraordinary physical impairment that would be "a reason to impose a sentence other than imprisonment." Although the court noted that Kelly was being treated by physicians in the Roanoke area, the government presented evidence that there were several federal penal institutions that were fully capable and could successfully deal with Kelly's physical and emotional problems. In view of this evidence, the court's decision to depart from the guidelines on the basis of Kelly's physical and emotional problems was clearly erroneous.
 
 
 8
 Accordingly, we find that the court was without authority to depart downward from the guidelines range under Sec. 5K1.1 and improperly departed downward under Sec. 5H1.4. We vacate the sentence imposed and remand for sentencing within the guidelines range.
 
 
 9
 VACATED AND REMANDED WITH INSTRUCTIONS.