927 F.2d 597
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Chris Xevie BUTLER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andre D. HOOKS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eric Lorenzo STROTHERS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glenn Lendale JARRETT, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Barry Montel SMITH, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory HOOKS, Defendant-Appellant.
 Nos. 90-5634 to 90-5639.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 31, 1990.
Decided Feb. 26, 1991.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CR-89-355-A)
 J. Casey Forrester, Economou & Forester, Alexandria, Va. (argued), for appellant Butler.
 Robert Courtney Gill, II, Washington, D.C. (argued), for appellant Jarrett.
 Robert Clifford Chesnut, Assistant United States Attorney, Alexandria, Va. (argued), for appellee.
 Charles S. Cox, Jr., Alexandria, Va. (on brief), for appellant Andre Hooks.
 Thomas K. Berger, Fairfax, Va. (on brief), for appellant Strothers.
 Lloyd F. Sammons, Alexandria, Va. (on brief), for appellant Smith.
 John A. Rosenthall, Rosenthall & Roane, Alexandria, Va. (on brief), for appellant Gregory Hooks.
 Henry E. Hudson, United States Attorney, Alexandria, Va. (on brief), for appellee.
 E.D.Va.
 AFFIRMED IN PART, REMANDED IN PART.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, Sitting by Designation, and PHILLIPS and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Chris Xevie Butler, Andre D. Hooks, Eric Lorenzo Strothers, Glenn Lendale Jarrett, Barry Montel Smith and Gregory Hooks appeal their convictions for conspiracy to distribute cocaine base and possession of cocaine base with the intent to distribute. 21 U.S.C.A. Sec. 846 (West Supp.1990); 21 U.S.C.A. Sec. 841(a)(1) (West 1981). Smith also appeals the decision of the district court to impose his sentence consecutively to, rather than concurrently with, the unexpired term of a state sentence. We affirm the convictions but remand for resentencing of Smith.
 
 I.
 
 2
 Appellants collectively assert that the district court abused its discretion by not instructing the jury on multiple conspiracies, admitting evidence of other crimes under Federal Rule of Evidence 404(b), and denying their motions for severance. We have considered each of these assertions and find no abuse of discretion by the district court. Appellants also argue that the evidence was insufficient to support their guilty verdicts. A review of the record demonstrates that this argument is without merit. Additionally, appellants contend that the sentencing guidelines violate their constitutional right to due process. This contention is also without merit. See United States v. Francois, 889 F.2d 1341 (4th Cir.1989), cert. denied, 110 S.Ct. 1822 (1990). Finally, Butler alleges the district court erred in denying his motion for acquittal. This ground for appeal borders on the frivolous and is summarily rejected.
 
 II.
 
 3
 Smith was sentenced on March 16, 1990 to 151 months imprisonment to be served consecutively to a sentence of imprisonment earlier imposed in a state court. He contends that the district court mistakenly believed that imposition of a concurrent sentence was prohibited by the guidelines issued by the United States Sentencing Commission, specifically U.S.S.G. Sec. 5G1.3 (Nov. 1989). Because Smith did not commit the instant offense while serving a term of imprisonment, this guideline does not mandate imposition of a consecutive sentence. Indeed, the accompanying commentary to this section provides that "[w]here the defendant is serving an unexpired term of imprisonment, but did not commit the instant offense while serving that term of imprisonment, the sentence for the instant offense may be imposed to run consecutively or concurrently with the unexpired term of imprisonment." U.S.S.G. Sec. 5G1.3, comment.
 
 
 4
 Statements made by the district judge at sentencing could be construed that he held the erroneous belief that a consecutive sentence was compulsory unless he departed from the guidelines. While expressing no opinion as to the appropriate outcome, we remand to allow the district court to exercise its discretion in determining whether the sentence of 151 months imprisonment shall be served consecutively to or concurrently with the unexpired state sentence.
 
 
 5
 AFFIRMED IN PART AND REMANDED IN PART.