940 F.2d 654
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darlene RADFORD, Defendant-Appellant.
 No. 90-5230.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 26, 1991.
Decided July 26, 1991.
As Amended Aug. 14, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. Elizabeth V. Hallanan, District Judge. (CR-89-163-1)
 Randal Wade Roahrig, Princeton, W.Va., for appellant.
 Michael W. Carey, United States Attorney, Hunter P. Smith, Jr., Assistant United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before PHILLIPS and WILKINS, Circuit Judges, and FRANK A. KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Darlene Radford pled guilty to conspiracy to distribute cocaine, marijuana, and Tylox (oxycodone) pursuant to a plea agreement. She appeals the sentence she received, alleging that the amount of drugs was incorrectly calculated and that the district court erred in its belief that it lacked authority to depart for substantial assistance. We affirm.
 
 
 2
 Radford first contends that the weight of the filler in the Tylox capsules should not be counted in calculating the amount of drugs involved in her offense, and attempts to distinguish this Court's contrary holding in United States v. Bayerle, 89 8 F.2d 28 (4th Cir.), cert. denied, 59 U.S.L.W. 3244 (U.S.1990). In that case, which dealt with dilaudid and dolaphine, we held the following:
 
 
 3
 The commentary to Sec. 2D1.1 states that the Commission "has used the sentences provided in, and equivalences derived from, the statute (21 U.S.C. Sec. 841(b)(1))" in the Drug Equivalency Tables in order to provide "conversion factors" for a host of illegal substances not explicitly treated in the statute. U.S.S.G. Sec. 2D1.1, comment. (n. 10). A note to Sec. 2D1.1(c) adds that "the weight of a controlled substance ... refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance" (emphasis added). Although the note refers to the Drug Quantity Table in 2D1.1(c) (sic), we read it to apply as well to the Drug Equivalency Tables which follow.
 
 
 4
 898 F.2d at 31; see also United States v. Lazarchik, 924 F.2d 211 (11th Cir.1991) (same result reached in case dealing specifically with Tylox).
 
 
 5
 Next Radford contends that the district court refused her a downward departure for substantial assistance to authorities in the mistaken belief that it could not depart without a motion from the government. The district court properly relied on our holding in United States v. Francois, 889 F.2d 1341 (4th Cir.1989), and its decision not to depart is not reviewable on appeal. Bayerle, 898 F.2d at 30-31.*
 
 
 6
 Because both of Radford's contentions lack merit, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Because Radford's plea agreement did not obligate the government to move for a departure if Radford provided substantial assistance, she had no right to demand that the motion be made and it was unnecessary for the district court to inquire about the government's reasons for not making it. United States v. Wade, --- F.2d ---, No. 90-5805 (4th Cir. June 12, 1991); United States v. Daniels, 929 F.2d 128 (4th Cir.1991)