8 F.3d 822
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Matt MITCHELL, Defendant-Appellant.
 No. 93-5044.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 27, 1993.
Decided: October 15, 1993.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (CR-92-117)
 Scott A. Ollar, Martinsburg, West Virginia, for Appellant.
 William D. Wilmoth, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 Before RUSSELL and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Matt Mitchell appeals the sentence imposed by the district court following his guilty plea to distribution of cocaine base ("crack"), 21 U.S.C.A. § 841 (West 1981 & Supp. 1993). He maintains that the fifteen-month sentence was disproportionate to his offense[1] and thus violated the Eighth Amendment prohibition against cruel and unusual punishment. We affirm.[2]
 
 
 2
 Mitchell sold crack to a confidential informant on two occasions observed by surveillance officers. He stipulated to the amount of crack he distributed and also the amount he had in reserve at the time of one of the controlled buys. He did not object in the district court to the calculation of his guideline range, and received the lowest possible sentence within the guideline range. On appeal, he asserts for the first time that his sentence is disproportionate because his offense involved small amounts of crack. We review his claim under the plain error standard set out in United States v. Olano, 61 U.S.L.W. 4421 (U.S. 1993). To find plain error, the appeals court must identify an error, which is plain, which seriously affects substantial rights, and which seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Brewer, F.2d, No. 92-5881 (4th Cir. Aug. 16, 1993).
 
 
 3
 We have previously held that proportionality review is not required under Solem v. Helm, 463 U.S. 277 (1983), for sentences which are less than life without parole. United States v. Francois, 889 F.2d 1341 (4th Cir. 1989), cert. denied, 494 U.S. 1085 (1990). Even if we were to conduct a proportionality review, we could not say that Mitchell's sentence is disproportionate, because the considerations are (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for the commission of the same offense in other jurisdictions. United States v. Elliott, 849 F.2d 886, 890 (4th Cir. 1988). Taking these factors into account, we find no undue harshness in the sentence imposed.
 
 
 4
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The guideline range was computed using United States Sentencing Commission, Guidelines Manual, § 2D1.1 (Nov. 1992)
 
 
 [2]
 Because the last day of the appeal period fell on a Saturday, the notice of appeal was timely filed on the following Monday. Fed. R. App. P. 26(a). We thus have jurisdiction to hear the appeal