**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-4841

FRED PILKINGTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Bryson City.
Lacy H. Thornburg, District Judge.
(CR-96-30)

Submitted: June 30, 1997

Decided: August 11, 1997

Before HALL, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Tony E. Rollman, Asheville, North Carolina, for Appellant. William
Mark Boyum, Assistant United States Attorney, Asheville, North Car-
olina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Fred Pilkington was convicted by a jury for unlawfully possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924 (1994). Due to Pilkington's prior convictions and in accordance with § 4B1.4 of the United States Sentencing Guidelines, the court sentenced Pilkington to imprisonment for 235 months as an armed career criminal. Pilkington's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), challenging the proportionality of Pilkington's sentence, but asserting that, in his view, the issue is without merit and there are no meritorious ground for appeal. Pilkington filed a pro se supplemental brief raising the same claim. We affirm.

Pilkington contends that his sentence violates the Eighth Amendment because it is disproportionate to his offense. Specifically, Pilkington claims that his sentence is disproportionate to the gravity of his nonviolent offense because the court, in determining that he was an armed career offender, considered a conviction from 1972.* The Eighth Amendment, however, does not require proportionality review for a sentence that is less than life without parole. United States v. LaRouche, 896 F.2d 815, 831-32 (4th Cir. 1990). Because Pilkington's sentence is less than life without parole, we decline to consider this argument. United States v. Thomas, 900 F.2d 37, 39 (4th Cir. 1990). We find that Pilkington's sentence does not violate the Eighth Amendment. See United States v. Francois, 889 F.2d 1341, 1343 (4th Cir. 1989) (finding that sentence within range provided by guidelines did not violate Eighth Amendment).

In accordance with the requirements of Anders , we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Pilkington's sentence and conviction. Additionally, we deny counsel's motion to withdraw from representation and deny as moot the motion for appointment of new counsel. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the

_____

*Consideration of that conviction was proper. See USSG § 4B1.4, comment. (n. 1).

2

client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3