UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4869

CECIL LEVON DOVE, a/k/a Rocky,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Richard C. Erwin, Senior District Judge.
(CR-96-110)

Submitted: September 30, 1997

Decided: October 21, 1997

Before HALL, ERVIN, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Manuel L. Costa, Chapel Hill, North Carolina, for Appellant. Walter
C. Holton, Jr., United States Attorney, Richard S. Glaser, Jr., Assis-
tant United States Attorney, Greensboro, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Cecil Levon Dove appeals his fifty-two month sentence imposed after he pled guilty to one count of attempting to possess 1000 grams of cocaine with intent to distribute. On appeal, Dove asserts that the district court erred by not forcing the Government to file a motion for downward departure based on his alleged substantial assistance, or, in the alternative, by not sua sponte granting him a downward departure. Dove further asserts that the district court erred by not sentencing him at the bottom of the Guidelines* range, despite the Government's recommendation to do so. Finding no reversible error, we affirm.

Dove was apprehended after he attempted to purchase cocaine from an undercover agent. Pursuant to his plea agreement, Dove provided the Government with information. However, the Government informed the court at sentencing that it did not consider the information to be substantial assistance. As a result, the Government declined to make a motion for downward departure pursuant to USSG § 5K1.1. Despite the Government's recommendation to sentence Dove at the low end of the Guidelines range, the district court sentenced him in the mid-range.

Absent an express provision in a plea agreement, which is not present here, a criminal defendant does not have a constitutional right to a motion for downward departure pursuant to USSG§ 5K1.1. See United States v. Francois, 889 F.2d 1341, 1344 (4th Cir. 1989). The Government has wide discretion in this area, and the district court has no authority to depart downward for substantial assistance absent such a motion. See Wade v. United States, 504 U.S. 181, 185 (1992); United States v. Maddox, 48 F.3d 791, 795 (4th Cir. 1995). Dove does not assert that the Government's refusal was based on constitutionally impermissible factors, and no such factors appear on the face of the record. Finally, we will not review a sentence which falls within a properly calculated sentencing range. See United States v. Porter, 909 F.2d 789, 794-95 (4th Cir. 1990).

_____

*U.S. Sentencing Guidelines Manual (1996).

2

We therefore affirm Dove's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>