**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 00-4743

HOSEA FANADISE HAMPTON,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-99-320)

Submitted: April 6, 2001

Decided: April 26, 2001

Before LUTTIG, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

David R. Tanis, Winston-Salem, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Steven H. Levin, Assistant United States Attorney, John E. Pueschel, Third-Year Law Student, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Hosea Fanadise Hampton pled guilty to one count of distribution of cocaine hydrochloride in violation of 21 U.S.C.A. § 841(a)(1) & (b)(1)(C) (West 1999) and three counts of distribution of cocaine base in violation of 21 U.S.C.A. § 841(a)(1) & (b)(1)(B) (West 1999). The transactions for which Hampton was convicted involved sales to a confidential informant under the supervision of a police officer. The Government filed an information of prior convictions alleging two prior felony convictions of narcotics offenses in North Carolina and used convictions for these offenses to enhance Hampton's sentence pursuant to § 841(b)(1)(B) & (C). Prior to the sentencing hearing and after the acceptance of his guilty plea, Hampton provided information about drug activities in Mecklenburg and Carrabus Counties, North Carolina, to the North Carolina Bureau of Investigation. Hampton was sentenced to 262 months imprisonment. He appeals that sentence.

Hampton challenges his sentence on the premise that using his previous state felony drug convictions to enhance the statutory punishment under § 841(b)(1) and then to again use those same convictions under *United States Sentencing Guidelines Manual* ("U.S.S.G.") § 4B1.1 (1998) to compute his sentence as a career offender violates the double jeopardy proscription of the Fifth Amendment. This scheme of including past criminal conduct to sentence repeat offenders close to or at the maximum statutory sentence conforms with Congress' intention in devising the career offender enhancement for those with previous drug or violent crimes, *see United States v. LaBonte*, 520 U.S. 751, 758-62 (1997), and does not violate the Double Jeopardy Clause, *see White v. United States*, 515 U.S. 389, 400 (1995).

Hampton next alleges error by the district court in light of the assistance he provided to the North Carolina Bureau of Investigation. The Government did not move for a downward departure for substantial assistance as provided for in U.S.S.G. § 5K1.1. The district court may not, however, consider a downward departure under § 5K1.1 absent a government motion. *United States v. Francois*, 889 F.2d 1341, 1344-45 (4th Cir. 1989). Similarly, Hampton argues that the district court should have departed under U.S.S.G. § 5K2.0 and *Koon v.*

*United States*, 518 U.S. 81 (1996), based on his substantial assistance to the authorities. We reject this contention because a district court does not have the authority to depart for substantial assistance under U.S.S.G. § 5K2.0 in the absence of a government motion, even after *Koon. See, e.g.*, *In re Sealed Case*, 181 F.3d 128, 136-42 (D.C. Cir. 1999) (en banc). Hampton also argues that failure by the Government to make a motion for a downward departure is a violation of the equal protection clause of the Fourteenth Amendment. The rationale in support of this conclusion is that the decision to make a motion for some defendants who offer assistance but not all can be arbitrary and is tantamount to the exercise of a judicial function by the prosecutor, in violation of the Constitution. We have previously rejected this theory, noting that the prosecutor has only the power to make the motion while the court retains the power to reduce the sentence upon that recommendation and that the prosecutor is in the best position to determine whether a defendant's assistance was helpful. *Francois*, 889 F.2d at 1344 (*citing United States v. Musser*, 856 F.2d 1484 (11th Cir. 1988)).

Hampton's final claim of sentence manipulation turns on the Government's decision to make repeated controlled drug purchases from him rather than indict him as soon as it had sufficient evidence against him. Hampton claims that the purchases made after the initial cocaine buy were improper in that they resulted in purchases of cocaine base, which he normally did not sell, and the repeated purchases were made only to increase his offense level under both the statute and the sentencing guidelines. The district court denied Hampton a downward departure on these grounds. We have specifically declined to adopt a rule that would allow downward departure when the government, rather than effecting an immediate arrest, opts to continue its investigation by continuing to make controlled purchases even after an indictable offense has occurred. *United States v. Jones*, 18 F.3d 1145, 1155 (4th Cir. 1994).

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid in the decisional process.

*AFFIRMED*