UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

BENJAMIN FRANKLIN WEAST,
　　　　　*Defendant-Appellant.*

No. 02-4211

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-01-47)

Submitted: December 20, 2002

Decided: January 15, 2003

Before NIEMEYER, LUTTIG, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Michael A. Kolb, MICHAEL A. KOLB ATTORNEY AT LAW, Charlotte, North Carolina, for Appellant. Thomas Richard Ascik, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Benjamin Franklin Weast appeals his conviction and thirty-two month sentence pursuant to his guilty plea to two counts of uttering counterfeit obligations or securities, in violation of 18 U.S.C. § 472 (2000). Weast entered a guilty plea to both counts, under *North Carolina v. Alford*, 400 U.S. 25, 37 (1970), and was sentenced to thirty-two months incarceration. Weast's counsel has filed an appeal under *Anders v. California*, 386 U.S. 738 (1967), and Weast has filed a pro se supplemental brief.

First, Weast argues the district court erred in denying him an offense level adjustment for acceptance of responsibility. We review a district court's determination of whether a defendant is entitled to an adjustment for acceptance of responsibility for clear error. *United States v. Ruhe*, 191 F. 3d 376, 388 (4th Cir. 1999). Weast's claim is meritless. Weast entered a late guilty plea and denied liability for conduct related to his offenses. *U.S. Sentencing Guidelines Manual* § 3E1.1, comment. (n.1(h), n.6) (2000); *United States v. Nale*, 101 F.3d 1000, 1005 (4th Cir. 1996); *United States v. Jones*, 31 F.3d 1304, 1315 (4th Cir. 1994); *United States v. Harris*, 882 F.2d 902, 905-06 (4th Cir. 1989).

Second, Weast argues the district court erred in failing to grant him a downward departure for providing substantial assistance to the Government. We review this claim for clear error. *United States v. Conner*, 930 F.2d 1073, 1076-77 (4th Cir. 1991). Weast's claim is meritless. Weast cannot establish that at sentencing he had provided substantial assistance to the Government sufficient to warrant a downward departure, or that there was a basis for departure absent the Government's USSG § 5K1.1 motion. USSG § 5K1.1; USSG § 5K1.1, comment. (n.3); *Wade v. United States*, 504 U.S. 181, 184-87 (1992); *United States v. Francois*, 889 F.2d 1341, 143-45 (4th Cir. 1989).

Third, Weast alleges he was subjected to prosecutorial misconduct. These claims are meritless. Weast cannot establish the Government erred by failing to move for a downward departure. USSG § 5K1.1. Additionally, Weast cannot establish his statements to the police were

altered, or that his criminal history calculation adversely effected his sentence. USSG § 4A1.1-2.

Fourth, Weast claims his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). We review this claim for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). This claim is meritless. Weast's sentence did not exceed the statutory maximum, and consequently, he cannot establish his sentence is erroneous. 18 U.S.C. § 472 (2000); USSG § 2B5.1(b); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000), *cert. denied*, 532 U.S. 937 (2001).

Fifth, Weast claims his trial counsel was ineffective. The record does not clearly establish Weast's trial counsel was ineffective, and consequently, this claim must be raised under 28 U.S.C. § 2255 (2000). *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999), *cert. denied*, 528 U.S. 1096 (2000); *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).

Accordingly, we affirm the Weast's convictions and sentence. In accordance with *Anders*, we have reviewed the entire record in this case and find no other meritorious issues for appeal. We deny counsel's pending motion to withdraw from the case. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*