**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4616**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RALPH MILLER,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge. (2:05-cr-000823-DCN)

_____

Submitted:  January 26, 2007                Decided:  March 6, 2007

_____

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Parks N. Small, Federal Public Defender, Columbia, South Carolina, for Appellant. Michael Rhett DeHart, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ralph Miller appeals his sentence of eighteen months' imprisonment after pleading guilty, pursuant to a plea agreement, to one count of conspiracy to commit fraud, in violation of 18 U.S.C. § 371. Miller's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), alleging that there are no meritorious issues for appeal, but raising the issues of whether the district court erred in calculating the amount of loss, and whether the Government breached the plea agreement by failing to move for a downward departure.

This court reviews a district court's factual findings at sentencing for clear error, and its related legal conclusions, including the application of the Sentencing Guidelines, de novo. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). Here, the district court's calculation of loss is a factual determination reviewed for clear error. See United States v. Brooks, 111 F.3d 365, 373 (4th Cir. 1997).

At sentencing, the district court makes a "reasonable estimate of the loss, given the available information." United States v. Miller, 316 F.3d 495, 503 (4th Cir. 2003); USSG § 2B1.1, comment. (n.2(C)). Enhancements under § 2B1.1(b) are determined by the amount of loss suffered as a result of the fraud. The amount of loss is the greater of the actual loss or the intended loss. USSG § 2B1.1, comment. (n.2(A)). "Intended loss" is defined as

"the pecuniary harm that was intended to result from the offense . . . and . . . includes intended pecuniary harm that would have been impossible or unlikely to occur."  USSG § 2B1.1, comment. (n.2(A)(ii)).  Consequently, the intended loss amount may be used, "even if this exceeds the amount of loss actually possible, or likely to occur, as a result of the defendant's conduct."  Miller, 316 F.3d at 502.

The district court made a reasonable determination regarding the amount of loss resulting from the conspiracy's scheme to fraudulently obtain artificially high mortgages for three pieces of real estate.  These findings are well documented in the presentence report and Miller did not object to the amounts. Miller has not made an affirmative showing that the findings in the presentence report are unreliable or inaccurate.  See United States v. Randall, 171 F.3d 195, 210-11 (4th Cir. 1999); United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998).  Accordingly, the district court was entitled to adopt the presentence report as its own findings.  United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990).  Therefore, the district court did not err in calculating the amount of loss attributable to Miller, and thus did not commit clear error.

Miller suggests that the Government breached the plea agreement by failing to move at sentencing for a downward departure, based upon Miller's cooperation.  We review this claim

for clear error.  <u>United States v. Conner</u>, 930 F.2d 1073, 1076-77 (4th Cir. 1991).

Absent an express provision in a plea agreement, which is not present here, a criminal defendant does not have a constitutional right to a motion for downward departure pursuant to USSG § 5K1.1.  <u>United States v. Francois</u>, 889 F.2d 1341, 1344 (4th Cir. 1989); <u>see</u> <u>United States v. Wallace</u>, 22 F.3d 84, 87 (4th Cir. 1994).  Additionally, there was no evidence that the Government's refusal to make the motion was based upon an unconstitutional motive.  <u>United States v. LeRose</u>, 219 F.3d 335, 341-42 (4th Cir. 2000) (citing <u>Wade v. United States</u>, 504 U.S. 181, 185-86 (1992)).  Therefore, no error resulted from the Government's failure to move for a reduction in Miller's sentence based upon substantial assistance.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Miller's conviction and sentence.  The court requires that counsel inform Miller, in writing, of the right to petition the Supreme Court of the United States for further review.  If Miller requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from further representation.  Any such motion filed by counsel must state that a copy thereof was served on Miller.  We dispense with oral argument because the facts

and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED